■ In the Matter of MELISSA R. and Others, Alleged to be Neglected Children. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDWARD R. et al., Appellants.—Mahoney, P. J. Appeal from an order of the Family Court of Otsego County (Mogavero, Jr., J.), entered October 7, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be neglected.

Respondents are the parents of seven children under 18

---

* While this appeal was pending, we affirmed resettlement of the record (154 AD2d 732).

years of age. As the result of a report from the State Central Register of Alleged Child Abuse or Maltreatment, an investigation was undertaken by petitioner to determine if respondents' children were being abused or neglected. As the result of that investigation a preliminary order of temporary removal was granted on May 2, 1988 (see, Family Ct Act § 1022). On May 5, 1988 a neglect petition was filed and later amended (see, Family Ct Act § 1031). A temporary order of custody with petitioner was issued and, after a fact-finding hearing on May 27, 1988 and June 13, 1988, the children were found to be neglected. Following a dispositional hearing on October 6, 1988, an order which, inter alia, granted the petition and placed the children in petitioner's custody was entered. This appeal ensued.

Contrary to respondents' contentions, the fact-finding hearing clearly established that Melissa and Joseph were continuously in trouble at school necessitating numerous suspensions with a concomitant serious reduction in academic advancement. Respondents refused to recognize that Melissa and Joseph were not performing up to their academic potential, it being their view that the school was at fault. In Melissa's case the parents refused to permit her to take recommended alternative programs.

The conditions at home were chaotic. Tyler was physically aggressive, Tracy stabbed her brother Tyler with a lead pencil and Joseph kicked out one of Matthew's teeth and was constantly fighting with his siblings. Respondents attempted to control the children by use of excessive corporal punishment. Robert Millner, a child protective service worker, testified that both Melissa and Joseph told him that they and the other children regularly were slapped and struck with a stick, a belt and an automobile fan belt by their parents. Tracy and other children confirmed to Millner that such objects were routinely used to measure out what respondents believed was justifiable discipline.

Other incidents were reported which demonstrate a lack of care on the part of respondents. Melissa reported to her guidance counselor that her father was sometimes "drunk" and that her mother called her "fat" and "ugly" and would not permit her to wash her hair before school. Other children reported on their father's excessive use of alcohol and resulting conduct toward them. Further, a major problem, the poor condition of the home, was never addressed by respondents despite being continuously offered the assistance of caseworkers to address the problems. Considering all the proof and

giving due deference to Family Court's assessment of credibility, we conclude that there is sufficient evidence to uphold Family Court's finding of neglect.

Respondents' position that much of the proof was uncorroborated hearsay statements of the children is not persuasive. On virtually every point outlined above, as well as similar events not illustrated here but clear on the record, the children's statements cross-corroborate each other or are corroborated by testimony of caseworkers (see, Matter of Nicole V., 71 NY2d 112). Likewise, respondents' contention that petitioners failed to provide a "diligent plan" (see, Social Services Law § 384-b [7]) is meritless. That section deals with termination of parental rights, an issue not present here. Further, respondents' assertion that the majority of the charged problems had been corrected prior to the filing of the petition is wholly unsupported by the record.

Order affirmed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.